### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| MILTON RUDISELL<br>300 Excalibur Circle, #101<br>Fredericksburg, VA 22406<br><br>   Plaintiff,<br><br> v.<br><br>RAYMOND MABUS, Secretary,<br>United States Department of the Navy,<br><br><u>Serve</u>:  Loretta E. Lynch,<br>Attorney General for the United States<br> c/o Designated Representative<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001<br><br><u>Serve</u>:  Channing D. Phillips, United States<br>Attorney for the District of Columbia<br> c/o Designated Representative<br>United States Attorney's Office<br>555 Fourth Street, N.W.<br>Washington, DC 20530<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:_____<br>)<br>)<br>) **Jury Demanded**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff Milton Rudisell, by and through undersigned counsel, and sues Defendant Raymond Mabus for the cause of action stated as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff Milton Rudisell ("Plaintiff" or "Lt. Rudisell") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981a for relief from discrimination based of his race (African American),

1

engagement in protected EEO activity and being subjected to a hostile work environment during the course of his employment with the Department of the Navy.

2.     Defendant Secretary Raymond Mabus ("Defendant" or "Secretary Mabus") discriminated against Plaintiff on the basis of his race (African American) and engagement protected activity during the course of his employment with the Department of the Navy.

## PARTIES

3.     Plaintiff Milton Rudisell is currently domiciled at 300 Excalibur Circle, Fredericksburg, VA 22406, and is a United States citizen. At all relevant times, Mr. Rudisell was an employee of the Department of the Navy.

4.     Defendant Secretary Raymond Mabus ("Defendant" or "Secretary Mabus") is being sued in his official capacity as the Secretary for the United States Department of the Navy ("the Agency").

5.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

## JURISDICTION

6.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

7.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

<u>**VENUE**</u>

8.      Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of the Defendant, an Agency of the federal government that operates within the District of Columbia, and occurred in the District of Columbia.  28 U.S.C. § 1391.  Venue is further proper in this district because there is no other district in which this action may otherwise be brought.  *Id.*

9.      Venue is further appropriate because a substantial part of the events or omissions giving rise to this Complaint occurred within the offices of the Department of the Navy, located at the Washington Navy Yard, District of Columbia.

<u>**EXHAUSTION OF REMEDIES**</u>

10.      Plaintiff has exhausted all of her administrative remedies.

11.      On or around December 17, 2012, Plaintiff timely contacted the Agency's EEO office and filed an informal EEO complaint with the Agency's EEO office.  *See* Agency Case No. DON 13-33355-00694.

12.      On or around March 25, 2013, Plaintiff timely filed a formal EEO complaint with the Agency's EEO office, which was investigated by the Agency.  *See* Agency Case No. DON 13-33355-00694.

13.      After the investigation of his EEO complaint, Plaintiff timely requested a Hearing before the United States Equal Employment Opportunity Commission ("EEOC").  *See* EEOC No. 570-2014-00409X

14.      On or around August 27, 2015, the Agency mailed Plaintiff its Final Agency Decisions, which provided him with 90-days from receipt of the final decision to file his lawsuit.

15.     Plaintiff hereby timely files this action within 90-days after receipt of the Final Agency Decision.

## FACTS

16.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

17.     Lt. Rudisell currently holds the rank of Lieutenant, and is employed by the Department of the Navy as a Supervisory Police Officer (GS-8).

18.     Lt. Rudisell's supervisors include Chief of Police Michael McKinney (White, no known EEO activity) and Captain Robert Wilson (White, no known EEO activity).

19.     Prior to November 2012, Lt. Rudisell was assigned to the Washington Navy Yard, where he was assigned to the position as Acting Precinct Captain and successfully performed all the duties and responsibilities of a Precinct Captain.

20.     On or around November 1, 2012, Lt. Rudisell verbally complained directly to Captain Wilson that he was being racist and requested Captain Wilson to stop speaking to him in strong racial overtones.

21.     Captain Wilson informed Chief McKinney of Lt. Rudisell's EEO complaint immediately after his conversation with Lt. Rudisell.

22.     Upon information and belief, when Chief McKinney was made aware of Lt. Rudisell's EEO complaint, he immediately threatened that he would "show him" and that he would transfer Lt. Rudisell.

23.     On or around November 1, 2012, Chief McKinney order Lt. Rudisell to be transferred to the Naval Observatory Base.

4

24.     On or around November 4, 2012, Lt. Rudisell was transferred and assigned to the Naval Observatory Base.

25.     At the Naval Observatory Base, Lt. Rudisell's duties and responsibilities substantially changed from his duties and responsibilities that he performed at the Washington Navy Yard, and he no longer was Acting Precinct Captain.

26.     Lt. Rudisell lost at least ten (10) overtime hours and was required to drive an additional thirty (30) minutes for his commuter when he was assigned to the Naval Observatory Base.

27.     No White Supervisors under the supervision of Chief McKinney, like Captain Wilson and Lieutenant Krogmann, were permanently assigned to the Naval Observatory Base or the Northern Precinct area, which is comprised of Carderock, the Naval Observatory Base, and Arlington.

28.     After being assigned to the Naval Observatory Base, Lt. Rudisell was further involuntarily ordered from the day shift to the midnight shift and was required to work every Saturday and Sunday, which precluded Lt. Rudisell from assisting in the care of his elderly parents who reside in North Carolina.

29.     Lt. Rudisell's co-workers of a different race, *i.e.*, White Supervisors (no known EEO activity), were not similarly involuntarily moved from the day shift to the midnight shift or required to work every Saturday and/or Sunday.

30.     In late 2012, Chief McKinney also provided Lt. Rudisell with an unwarranted letter of caution.

31.     Despite Lt. Rudisell's repeated EEO complaints, the Defendant did not take any effective or remedial action to address Mr. Rudisell's complaints.

32.     Since Lt. Rudisell believes that the treatment he received was a violation of his Title VII rights, Lt. Rudisell sought relief by complaining internally as well as submitting a Charge with the Agency's EEO office and the United States Equal Employment Opportunity Commission.

33.     Lt. Rudisell now timely files this Complaint for relief from the discriminatory and illegal treatment that he experienced as a result of the Agency's misconduct.

## CAUSES OF ACTION

### COUNT ONE
**(Discrimination on the Basis of Race)**

34.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

35.     As an African American, Plaintiff is a member of a protected class.

36.     Because of his race (African American), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including but not limited to, being involuntarily and permanently transferred to the Naval Observatory Base, losing overtime pay, being required to every Saturday and Sunday, being assigned from the day shift to the midnight shift, and having Acting Precinct Captain duties and responsivities removed in violation of Title VII.

37.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment since he had a significant change in his duties and responsibilities.

38.     Defendant knew that Plaintiff is African American prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected because of his race (African American).

6

39.     Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race (African American).

40.     Defendant has limited, segregated and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his race (African American).

41.     As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

42.     Similarly situated non- African American employees have not been terminated, for having the same or similar or more egregious misconduct.

43.     Plaintiff's race (African American) was a determining factor in Defendant's unlawful conduct toward Plaintiff.

44.     Plaintiff's his race (African American) was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

45.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

46.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race (African American).

47.     Defendant discriminated against Plaintiff because of his race (African American) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

48.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

49.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

50.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

   a.  Award compensatory damages;

   b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

   c.  Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

   d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

   e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

   f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

   g.  Supervisory training for the supervisors at issue herein;

   h.  Award equitable, declaratory, and injunctive relief; and

      i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
### (Discrimination on the Basis of Reprisal)

51.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

52.    Plaintiff complained to his supervisors of the unlawful, hostile and discriminatory and retaliatory treatment which he was being subjected.

53.    Since November 1, 2012 and continuing through the present, Plaintiff regularly made several complaints of disparate treatment and discrimination to his supervisors, including to Captain Wilson and Chief McKinney.

54.    On or around December 17, 2012, Plaintiff met with an Agency EEO representative and filed an informal Complaint of discrimination and retaliation, which was investigated by the Agency.

55.    On or around March 25, 2013, Plaintiff met with an Agency EEO representative and filed a formal Complaint of discrimination and retaliation, which was investigated by the Agency.

56.    Since Plaintiff's EEO complaints were not resolved and no action was taken to resolve them, Plaintiff sought relief from the United States Equal Employment Opportunity Commission ("EEOC") when he requested a hearing before an Administrative Judge.

57.    During the EEOC's adjudication process, Plaintiff engaged in written and oral discovery.

58.    Shortly after filing complaining of the discriminatory treatment, Plaintiff began to be treated differently from his similarly situated co-workers of a different protected class (*i.e.*,

White supervisors with no known EEO activity) and from how he was treated prior to complaining about the disparate treatment and discrimination. Specifically, his supervisors' treatment became even more hostile after Plaintiff began to complain about the disparate treatment he was experiencing.

59.     Since engaging in protected EEO activity, Plaintiff has been subject to retaliatory adverse actions by Defendant, including but not limited to, being unjustly scrutinized, not having his complaints investigated or resolved, being involuntarily and permanently transferred to the Naval Observatory Base, losing overtime pay, being required to every Saturday and Sunday, being assigned from the day shift to the midnight shift, having Acting Precinct Captain duties and responsivities removed in, being provided an unjust letter of caution and other conduct at issue in this Complaint.

60.     Similarly situated co-workers (no known prior EEO activity) were not subjected to the same adverse treatment or any adverse treatment.

61.     Defendant engaged in reprisal against Plaintiff because he opposed Defendant's discriminatory practices and participated in EEO activity.

62.     The adverse retaliatory actions to which Plaintiff has been subjected are directly a result of Plaintiff having previously engaged in protected EEO activity.

63.     Plaintiff complained to his supervisor and through his chain of command about the discrimination he was experiencing. As such, Defendant and Plaintiff's supervisors knew of Plaintiff's participation in protected EEO activity before subjecting him to the aforementioned adverse employment actions.

64.     As a result of Plaintiff's open opposition to Defendant's discriminatory treatment, Plaintiff was routinely retaliated against by his supervisors, who engaged in a persistent pattern of severe or pervasive harassment set forth herein, which created a hostile and offensive workplace.

65.     The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to his co-workers.

66.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

67.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

68.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.   Award compensatory damages;

b.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c.   Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.  Supervisory training for the supervisors at issue herein;

h.  Award equitable, declaratory, and injunctive relief; and

i.  Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
### (Hostile Work Environment)

69.  Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

70.  As a result of Plaintiff's protected class (race (African American) and/or engagement in protected EEO activity), Plaintiff's supervisors routinely humiliated Plaintiff and engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII.

71.  Plaintiff was regularly and continually subjected to harassing conduct that alleged throughout this Complaint, including but not limited to being unjustly scrutinized, being required to transfer to a less desirable location, being required to work midnights, being required to every weekend, being provided a Letter of Caution, and receiving undeserved harsh criticism, which created a hostile and abusive work environment.

72.  Plaintiff believes that he was subjected to a hostile work environment based on his race (African American) and/or engagement in protected EEO activity.

73.  Defendant's unlawful conduct was unwelcome.

12

74. Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

75. Plaintiff was subjected to harassment because race (African American) and/or engagement in protected EEO activity, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

76. Defendant knew or should have known of the harassment. Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

77. By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

78. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

79. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

80. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a.  Award compensatory damages;

    b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

    c.  Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

    d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

    e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

    f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    g.  Supervisory training for the supervisors at issue herein;

    h.  Award equitable, declaratory, and injunctive relief; and

    i.  Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

81.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

82.    Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a.  Order the Defendant to institute a policy and procedure to be implemented against discrimination;

14

b.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.  Supervisory training for the supervisors at issue herein; and

d.  Such other and further relief as this Court deems just and proper.

### .JURY DEMAND

83.   Plaintiff demands a trial by jury on all issues set forth herein.


Respectfully submitted,


By:     *donna williams rucker/rsc*
       DONNA WILLIAMS RUCKER
         (D.C. Bar No. 446713)
       RUCKER & ASSOCIATES, P.C.
       888 Sixteenth Street, N.W., Suite 800
       Washington, DC 20006
       Office: (202) 349-9830
       Facsimile: (202) 355-1399
       Email: drucker@ruckerlawpc.com

November 25, 2015            Counsel for Plaintiff